# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,               Case No. 25-cr-20029
                                    Hon. Jonathan J.C. Grey

v.

VARSALLES PHILLIPS,

      Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SUPPRESS (ECF No. 46)
## and GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE
## SUR-REPLY (ECF No. 62)

In this sex trafficking and illegal firearms possession case, Defendant Varsalles Phillips moves this Court for an order suppressing "the statements obtained from minors MV1 and MV2, along with any evidence derived from such statements, including but not limited to the consented search of their cellphones." (ECF No. 46, PageID.341.) Phillips alleges that the government violated the alleged minor victims' Fourth and Fifth Amendment rights in connection to statements they made to the government and subsequent cell phone searches, and he argues that

the fruits of those statements, which include damaging evidence against him, should thus be suppressed. (*See generally* ECF No. 46.) The government challenges Phillips' motion on three grounds: (1) he lacks standing to challenge the minors' statements and phone searches; (2) it is untimely; and (3) his claim fails on the merits. (ECF No. 49.)

The parties fully briefed the motion (ECF Nos. 46, 49, 56) and filed sur-replies (ECF Nos. 59, 62). The Court **GRANTS** Phillips' motion for leave to file sur-reply (ECF No. 62) and considers it in issuing this ruling. The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Since the Court agrees that Phillips lacks standing, its analysis begins and ends with the issue of standing, and the Court **DENIES** Phillips' motion to suppress.

## I.    BACKGROUND

In May 2025, a grand jury indicted Phillips on one count of felon in possession of a firearm and two counts of sex trafficking of children. (ECF

No. 32.) The first superseding indictment alleges that Phillips victimized two minors: MV-1 and MV-2. (*Id.*)

In January 2025, the government executed a search warrant at ***** Steel Street, Detroit, MI. (ECF No. 62-1.) There, MV-1 provided statements to law enforcement officials and consented to agents searching her phone; she provided the passcodes to her phone and Phillips' phone. (*Id.*) Phillips alleges that MV-1's phone led to the extraction of his phone,[1] and evidence drawn from MV-1's phone was used against him. (ECF No. 62, PageID.436; ECF No. 62-3; ECF No. 62-4.) Phillips further alleges that MV-2 provided statements to officials and consented to the search of her phone on another occasion,[2] which also led

---

[1] Phillips does not expand this argument. In his sur-reply, he includes an exhibit to show "MV1['s] phone le[d] to [the] extraction of Phillips's phone[,]" but the document only shows that the authority for the extraction of MV-1's phone was consent, and the authority for the extraction of a "device . . . found on the person of Varsalles Phillips during the search of [*****] Steel Street" was a search warrant. (ECF No. 62-3.)

[2] It is unclear what statements made by MV-2 that Phillips is challenging. In his sur-reply, he includes an exhibit to show "MV2 consent [was] given without parental presence," but that document describes a March 2025 investigation and does not reference the January 2025 search at the Steel Street residence. (ECF No. 62-2.)

to damaging evidence against him. (ECF No. 46, PageID.341–342; ECF No. 62, PageID.435; ECF No. 62-2.)

Phillips argues that the government violated the alleged minor victims' Fourth and Fifth Amendment rights in a manner that directly impacted his own rights, requiring suppression of the seized evidence. (ECF No. 46, PageID.342.) Specifically, Phillips contends that the alleged minor victims' Fourth and Fifth Amendment rights were violated because: (1) no parent, guardian, attorney, or Child Protective Services ("CPS") authority was present during their interviews; (2) they were not properly Mirandized and did not possess the capacity or understanding to knowingly and voluntarily waive their rights; and (3) the statements were obtained under duress and coercion. (*Id.* at PageID.341–342; ECF No. 62, PageID.435–436.)

## II.   LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. amend. IV. The Fifth Amendment protects against compelled self-incrimination. U.S. CONST. amend. V. A defendant who moves to suppress based on a Fourth Amendment

4

violation bears the burden of establishing his standing to assert such a violation. *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001) (citations omitted). The same standing requirement applies to the Fifth Amendment. *See McKinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir. 2005) ("The Fifth Amendment's protection against self-incrimination, like the Fourth Amendment's protection against unreasonable searches and seizures, is explicit and personal.")

"Fourth Amendment rights are said to be 'personal[,]' [s]o a defendant must show that 'his own' rights were 'infringed.'" *United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133 (1978); *Byrd v. United States*, 584 U.S. 395, 403 (2018)). "[A] defendant has standing only if" he has a property or a privacy interest "in the property searched." *Id.* at 377 (citation omitted). "[B]ecause Fourth Amendment rights are personal, suppression of evidence as 'the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.'" *United States v. Powell*, 847 F.3d 760, 768 (6th Cir. 2017) (quoting *United States v. Padilla*, 508 U.S. 77, 81–82 (1993) (per

curiam)). The same "limitations . . . come into play" for the Fifth Amendment. *See United States v. Payner*, 447 U.S. 727, 737 n.9 (1980) (internal quotation marks and citation omitted) (finding that Fifth Amendment due process protections apply only when the government activity in question violates some protected right of the *defendant*).

## III.   ANALYSIS

Here, Phillips argues that he has standing to challenge the validity of the minors' statements and derivative searches under the Fourth Amendment because the violation of the minors' constitutional rights "directly impacted Phillips' own rights, and the government intends to use those statements against him." (ECF No. 46, PageID.342.)

Phillips lacks standing. He does not claim that his own constitutional rights were violated, but essentially that he was aggrieved by the violation of the minors' rights—an argument the Supreme Court has plainly rejected. *See Alderman v. United States*, 394 U.S. 165, 171–172 (1969) (rejecting petitioner's argument that "if any of the evidence used to convict him was the product of" a Fourth Amendment violation, "regardless of whose Fourth Amendment rights" were violated, the evidence is inadmissible); *see also Powell*, 847 F.3d at 768 (citation

6

omitted) ("[S]uppression of evidence as 'the product of a Fourth
Amendment violation can be successfully urged only by those whose
rights were violated by the search itself, not by those who are aggrieved
solely by the introduction of damaging evidence.'"). Phillips has neither
alleged nor shown that his own rights were infringed. *See Russell*, 26
F.4th at 374. As such, he does not have standing to challenge the victims'
statements and derivative evidence, including cell phone contents.

As the government notes, *United States v. Payner*, 447 U.S. 727
(1980), upon which Phillips relies, cuts against his position. (ECF No. 49,
PageID.356–357.) In *Payner*, the Supreme Court concluded that a federal
court's "supervisory power does not authorize [it] to suppress . . . evidence
on the ground that it was seized unlawfully from a third party not before
the court[,]" 447 U.S. at 735; nor can a court suppress evidence on the
ground that a third party's due process rights were violated.[3] *See id.* at
737 n.9. Yet that is precisely what Phillips asks this Court to do.

---

[3] Phillips seems to argue that the government conduct here "shocks the conscience"
such that he can bring this challenge. (ECF No. 46, PageID.344.) Not so. First, he
does not explain why the government activity here shocks the conscience. "But even
if we assume" that the government conduct here "was so outrageous as to offend
fundamental canons of decency and fairness," the government activity must still
violate "some protected right of the *defendant*." *Payner*, 447 U.S. at 737 n.9 (emphasis
in original) (internal quotation marks and citations omitted). The fact remains that

7

Similarly, Phillips' reliance on *Bruton v. United States*, 391 U.S. 123 (1968), fails. Phillips cites *Bruton* to support his proposition that he has standing to challenge the admissibility of the minors' statements and derivative fruits where "[t]he government intends to use those statements directly against him[.]" (ECF No. 46, PageID.344.) But *Bruton* is inapposite. There, the Supreme Court considered "whether the conviction of a defendant at a joint trial should be set aside although the jury was instructed that a codefendant's confession inculpating the defendant had to be disregarded in determining his guilt or innocence." *Bruton*, 391 U.S. at 123–124. The Supreme Court held that the admission of the co-defendant's confession violated the defendant's right to cross-examination secured by the Confrontation Clause of the Sixth Amendment. *Id.* at 126. The Court was concerned about the substantial risk that the jury looked to the incriminating extrajudicial statements in determining the defendant's guilt, especially where the unreliability of the evidence was "intolerably compounded" because the co-defendant did not testify and could not be cross-examined. *Id.* at 126, 135–136.

---

the government conduct here allegedly violated the victims' constitutional rights, not those of Phillips.

Aside from the fact that *Bruton* deals with a different constitutional right than those at issue here, the same concerns undergirding the Supreme Court's holding in *Bruton* are not present in this case where the minors are not co-defendants and where they can testify and be cross-examined. Indeed, the admission of the minors' statements here is not akin to the admission of the co-defendant's extrajudicial statements in *Bruton*. Also, critically, the petitioner in *Bruton* asserted his *own* rights. Here, Phillips does not argue that his own constitutional rights were violated, but rather those of third parties. Thus, *Bruton* does little to support Phillips' position that he has standing to challenge the minors' statements.

To the extent Phillips challenges the search of the victims' phones on the basis that he has a property interest in the phones, he has not met his burden of establishing standing to assert such a Fourth Amendment violation. Nowhere in the motion does he posit that he has a property or privacy interest in the victims' phones. *See Russel*, 26 F.4th at 377 (citation omitted) ("[A] defendant has standing only if" he has a property or a privacy interest "in the property searched."). He does not assert, nor does he offer any evidence, that he owned, possessed, or used the victims'

9

phones that were searched. *See United States v. Harris*, No. 1:21-cr-74-6, 2023 WL 3475406, at *3 (S.D. Ohio May 15, 2023) (finding that defendant lacks standing to challenge the warrant for his girlfriend's phone where he has not even attempted to show that he has an ownership interest or expectation of privacy in that phone); *see also United States v. Gatson*, 744 F. App'x 97, 100 (3d Cir. 2018) (affirming denial of a motion to suppress because defendant lacked standing where he did not establish that he owned, possessed, or used the searched phone); *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (same).

In his reply, Phillips attempts to establish standing by framing the allegedly unlawful interrogation of MV-1 and MV-2[4] and derivative cell phone searches as part of the search of his residence.[5] (ECF No. 56, PageID.383; ECF No. 62, PageID.435–436.) His attempts are unavailing.

To be clear, Phillips does not challenge the legality of the search of the residence itself in his motion and cannot raise this issue for the first

---

[4] It does not appear that MV-2 was even at the Steel Street address when law enforcement officials interviewed her, making the nexus for standing purposes over MV-2's statements particularly unclear.

[5] Phillips first mentions a search at **** Artesian Street (ECF No. 56, PageID.383), which the government points out was not the residence that agents searched in this case but rather a residence on Steel Street. (ECF No. 59, PageID.393.) Phillips then reveals that there was a "clerical error" in his reply and seems to agree that the relevant events occurred at his Steel Street residence. (ECF No. 62, PageID.433, 435.)

time on reply. *United States v. McGlade*, No. 17-20261, 2021 WL 2012846, at *1 (E.D. Mich. May 20, 2021) (quoting *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002)) ("[I]t is well accepted that a party 'cannot raise new issues in a reply brief . . . [she] can only respond to arguments raised for the first time in [the opposing party's] brief.'").

Therefore, Phillips' general Fourth Amendment interest in the Steel Street house is irrelevant here since he does not argue that his *own rights* were violated—indeed, Phillips' motion to suppress does not argue that officers illegally searched his residence. *Cf. Alderman*, 394 U.S. at 176–177 (homeowner has standing to challenge illegal search of his house and the fruits of the unauthorized search even if he has no interest in the property seized). The gravamen of the motion is the constitutionality of the victims' statements and derivative fruits of the statements that implicate him, and the Court has already found he lacks standing to challenge. As the government contends (ECF No. 59, PageID.394), Phillips has no privacy interest in the victims' interviews nor any property interest in their phones—*where* the alleged constitutional violations occurred is immaterial here where Phillips' Fourth Amendment rights are not at issue. *See Russell*, 26 F.4th at 374, 377

(finding that a defendant must show that his own rights were infringed). Phillips attempts to assert the constitutional rights of third parties not before the Court—that, he cannot do. *See Payner*, 447 U.S. at 735–736.

Since Phillips lacks standing to suppress the statements obtained from MV-1 and MV-2 and derivative evidence, the Court ends its analysis here.[6] The Court also declines to address his selective enforcement claim or his assertions that "physical evidence undermines constructive possession" because he improperly raises these issues for the first time in reply. (ECF No. 56, PageID.384; ECF No. 62, PageID.436–437.) *See Campbell*, 279 F.3d at 401.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that the motion to suppress (ECF No. 46) is **DENIED** where the Court finds that Defendant Phillips lacks standing to challenge the minor victims' statements and derivative evidence at issue here.

**IT IS FURTHER ORDERED** that Phillips' motion for leave to file sur-reply (ECF No. 62) is **GRANTED**.

---

[6] The government also argues that Phillips' motion is untimely. (ECF No. 49, PageID.354–355.) Because the motion is disposed of on the issue of standing, the Court does not address the timeliness of the motion.

**SO ORDERED.**

Dated: September 26, 2025                    <u>**s/Jonathan J.C. Grey**</u>
                                             Jonathan J.C. Grey
                                             United States District Judge

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2025.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager