UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 25-cr-20029
Hon. Jonathan J.C. Grey

v.

VARSALLES PHILLIPS,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION TO STRIKE DEFENDANT'S THIRD MOTION TO SUPPRESS AND THIRD MOTION TO COMPEL (ECF No. 73)**

In this sex trafficking and illegal firearms possession case, the government moves to strike Defendant Varsalles Phillips' third motion to suppress and third motion to compel. (ECF No. 73.) The government argues that the Court should strike Phillips' motions because: (1) Phillips filed the motions approximately five months after the deadline without leave of Court and with no explanation for the delay; (2) Phillips already raised some of the claims in these motions in prior motions, some of which Phillips voluntarily withdrew and some of which the Court already

adjudicated; and (3) Phillips could have raised the new claims in prior motions. (*Id.* at PageID.590, 594–595.) In the alternative, the government requests additional time to respond to the merits of Phillips' motions. (*Id.* at PageID.590, 595.) Phillips responds that good cause for the delay exists such that the Court should consider his third motion to suppress and third motion to compel; or in the alternative, the Court should construe his response as a request for leave to file these motions. (ECF No. 74, PageID.598–599.)

The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** the government's motion to strike. (ECF No. 73.)

**I.    BACKGROUND**

On January 23, 2025, a grand jury indicted Phillips on one count of felon in possession of a firearm. (ECF No. 10.) On May 6, 2025, a grand jury issued a superseding indictment adding two counts of sex trafficking

2

of children. (ECF No. 32.) The Court provides an overview of the relevant prior motions that Phillips filed, which were all fully briefed.

### A. First Motion to Suppress and First Motion to Compel

On April 10, 2025, Phillips filed, inter alia, a motion to suppress (ECF No. 19) and a motion to compel. (ECF No. 21.) In his first motion to suppress, Phillips moved to suppress all evidence obtained during the search of 15111 Steel Street in Detroit on January 14, 2025. (ECF No. 19, PageID.47.) In relevant part, Phillips challenged the validity of the warrant due to discrepancies in the timeline of events, arguing that the officers initially lacked the legal authority to seize firearms from his residence and retroactively sought to cure this defect with a "follow-up search warrant." (*Id.* at PageID.51–53.) Phillips further contended that the plain view doctrine does not apply because the officers' presence was unlawful. (*Id.* at PageID.53.)

In his first motion to compel, Phillips sought to compel the discovery of multiple items pursuant to *Brady v. Maryland*, 373 US. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Fed. R. Crim. P. 16, including but not limited to forensic reports from the firearms (fingerprint and DNA analysis) and exculpatory statements from the

3

minor victim and her mother that contradict the government's theory that Phillips possessed firearms. (ECF No. 21, PageID.70–74.)

The Court set a hearing on the motion to suppress[1] for June 11, 2025. (ECF No. 31.) On the morning of the hearing, Phillips withdrew three pending motions, including the motion to suppress and motion to compel, as a "strategic decision" to "focus on trial preparation and preserve key arguments for motions in limine or trial." (ECF No. 39, PageID.249.) Moreover, Phillips acknowledged that the government's disclosures "strengthened the defense's trial strategy, rendering further discovery motions unnecessary at this time." (*Id.* at PageID.250.)

B. **Second Motion to Suppress and Second Motion to Compel**

On July 2, 2025, the Court issued a text-only order, ordering that if "Phillips seeks to file a motion in limine, any motion is due by Monday, July 7, 2025." Phillips then filed three motions on July 7, 2025: (1) a second motion to suppress (ECF No. 46), (2) a second motion to compel

---

[1] The motion hearing was on the motion to suppress as well as a motion to dismiss. (ECF No. 31.) The Court does not address the motion to dismiss because it is not relevant to the instant motion to strike.

4

*Brady*/*Giglio*/Jencks material (ECF No. 47), and (3) a motion in limine.[2] (ECF No. 48.)

The second motion to suppress sought to suppress the statements obtained from two minor victims ("MV-1" and "MV-2"), along with evidence derived from such statements, including the search of the victims' cellphones. (ECF No. 46.) Phillips argued that he has standing to challenge the validity of the minors' statements under the Fourth Amendment because the violation of the minors' constitutional rights "directly impacted" his own rights. (*Id.* at PageID.342.) Additionally, for the first time on reply, Phillips raised a selective enforcement claim based on an individual named "Ty." (ECF No. 56, PageID.384.) On September 26, 2025, the Court denied Phillips' second motion to suppress, finding that he lacked standing to challenge the minor victims' statements and derivative evidence and declining to address his selective enforcement claim because he improperly raised the issue for the first time on reply. (ECF No. 65.)

Phillips' second motion to compel sought to compel various

---

[2] Phillips filed a motion in limine as a single motion, but it includes five separate motions in limine in the document. (*See* ECF No. 48.) The motion in limine is fully briefed and remains pending.

5

materials under *Brady*, *Giglio*, and the Jencks Act, and it remains pending. (ECF No. 47.)

### C. Pretrial and Trial Dates Continued

Upon stipulation of the parties, the Court continued the trial date twice: first to November 12, 2025, then to February 10, 2026. (ECF Nos. 53, 66.) In so doing, the Court did not set a new motions deadline or permit additional pretrial motions. (*See id.*)

### D. Third Motion to Suppress and Third Motion to Compel

Against this backdrop, on December 3, 2025, Phillips filed his third motion to suppress (ECF No. 68) and third motion to compel. (ECF No. 69.) His third motion to suppress raises three primary arguments: (1) the continued search of 15111 Steel Street after federal agents discovered that the residence was physically partitioned into separate, locked living units was overbroad (the "*Garrison* issue"); (2) the second warrant obtained to seize firearms was unlawfully obtained based on material omissions to the magistrate judge and as evidenced by discrepancies in the timeline of events (the "*Franks* issue"); and (3) the warrantless search of his phone was unlawful under *Riley v. California*, 573 U.S. 373 (2014) (the "*Riley* issue"). Phillips raised the *Franks* issue in the first motion to suppress and raises the *Garrison* and *Riley* issues for the first time in his

6

third motion to suppress.

Finally, Phillips' third motion to compel seeks to compel: (1) reports regarding "Ty" (an adult male found with MV-1) and "Wood" (an adult male linked to MV-2); (2) official DNA/fingerprint lab reports; and (3) unredacted firearm purchase statements/communications by MV-1 and MV-2. (ECF No. 69.)

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(c)(1) "grant[s] district courts broad discretion to set deadlines for filing pretrial motions." *United States v. Burrell*, 114 F.4th 537, 547 (6th Cir. 2024). "A pretrial motion made pursuant to Federal Rule of Criminal Procedure 12(b)(3)," which includes motions to suppress evidence and discovery motions under Rule 16, "is untimely if filed after a deadline set by the district court[.]" *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017); *see also* Fed. R. Crim. P. 12(c)(3). "But a district court may entertain an untimely motion 'if the party shows good cause.'" *Id.* (quoting Fed. R. Crim. P. 12(c)(3)). Good cause under Rule 12(c)(3) "is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion." *United States v. Walden*, 625

F.3d 961, 965 (6th Cir. 2010). "At a minimum, it requires the party seeking a waiver to articulate some legitimate explanation for the failure to timely file." *Id.* (citations omitted).

## III. ANALYSIS

The government argues that Phillips' third motion to suppress and third motion to compel have been untimely filed without leave of Court and with no explanation, and thus, the Court should strike these motions. (ECF No. 73, PageID.594.) Phillips does not directly address the timeliness of his motions but instead responds that "[e]ven where timeliness is disputed, the ordinary course is to decide whether the Court will entertain the motion under Rule 12(c)(3)." (ECF No. 74, PageID.601.) Phillips now requests leave under Rule 12(c)(3) to litigate the motions upon a showing of good cause "if the Court believes the motion-cutoff order applies." (*Id.*)

The Court finds that Phillips' renewed motions are untimely but nonetheless treats his response to the government's motion as a formal request for the Court to consider these motions under Rule 12(c)(3).

### A. Phillips' Motions are Untimely

Phillips' third motion to suppress and third motion to compel are untimely. The Court set the motions deadline for July 7, 2025. Yet,

8

Phillips filed these renewed motions on December 3, 2025—nearly five months after the deadline—with no explanation. The Court therefore finds that the motions were untimely filed.

### B. Phillips Fails to Satisfy the Good Cause Standard for the Untimely Motion to Suppress

Next, the Court determines whether Phillips shows good cause for the untimely filings. Phillips argues that good cause exists to file the third motion to suppress because it remedies the defect identified in the Court's September 26, 2025 order—namely, that Phillips lacks standing to assert third parties' rights. (ECF No. 74, PageID.602.) Phillips thus characterizes this renewed motion as "the defense's good-faith effort to proceed in the manner the Court's ruling makes necessary." (*Id.*)

Phillip' argument is unavailing. First, his first motion to suppress that he voluntarily withdrew contained the *Franks* issue that he raises in his third motion to suppress—i.e., that agents allegedly violated the Fourth Amendment by obtaining a second "clean up" warrant to seize firearms after they already breached the home. (ECF No. 68, PageID.498, 504.) He *did* file the motion in April 2025 but made a conscious choice to withdraw it. Thus, it defies belief that Phillips was prohibited from filing this motion sooner and was only put on notice of raising such suppression

9

issues following the Court's September 26 order. *See Walden*, 625 F.3d at 965 ("In this case, nothing prohibited counsel from making this motion before the deadline, and counsel stated that he had been 'exploring the possibility of filing' a motion to suppress before the deadline.").

Moreover, it appears that the *Garrison* issue that was not raised in the first suppression motion could have been—and should have been—raised sooner. Phillips maintains that agents violated his Fourth Amendment rights when they saw a padlocked bedroom downstairs during the search of the residence and breached the padlock without a specific warrant to do so. (ECF No. 68, PageID.503.) He therefore argues that the firearm found in the downstairs unit must be suppressed. (*Id.* at PageID.504.) This suppression issue is directly relevant to Phillips' charge of felon in possession of a firearm, and Phillips offers no reason why the information upon which the *Garrison* issue relies would not have been obtainable at the time of the earlier motion. *Cf. United States v. Mohammed*, 501 F. App'x 431, 437–438 (6th Cir. 2012) (finding good cause where the failure to raise a pretrial motion to suppress was based on its legal irrelevance to the pending charges); *see also United States v. Jones*, No. 3:07-CR-162, 2009 WL 973206, at *4 (E.D. Tenn. Apr. 9, 2009)

10

("The good cause exception . . . should generally be limited to those exceptional cases where a satisfactory showing is made that a particular motion was not filed because the information upon which the new motion is based was not obtainable at the time of the earlier motion").

"Generally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause." *Walden*, 625 F.3d at 965 (citations omitted). Voluntarily withdrawing the first motion to suppress, which raised the same *Franks* issue that Phillips raises again here and failed to include a related issue regarding the scope of the search warrant, amounts to "a lawyer's conscious decision not to file a pretrial motion before the deadline." *Id*. Indeed, the primary reason Phillips provides for withdrawing the first motion to suppress on the morning of the motions hearing was that it a "strategic decision" to "focus on trial preparation and preserve key arguments for motions in limine or trial." (ECF No. 39, PageID.249.) However, it would not have been "unduly burdensome" for Phillips to defend the *already pending* motions at the motions hearing *that was scheduled for that very day*, even if counsel was preparing for trial in

11

other ways or adjusting litigation strategy. *See Walden*, 625 F.3d at 966 (finding that "it does not seem unreasonable to require defense counsel to simultaneously pursue a motion to suppress while engaging in plea negotiations"); *see also Trujillo-Molina*, 678 F. App'x at 337, 339 (affirming district court's finding that defendant had not established good cause for his delay in filing a pretrial motion, in part because a change in litigation strategy was not good cause where the defendant had known of the facts and theories underlying the motion beforehand).

Lastly, even if the Court accepts Phillips' good cause argument, he still waited over two months to file a renewed suppression motion with no explanation for the delay.

While it would be appropriate for the Court to deny Phillips' motion to suppress in its entirety due to untimeliness and lack of good cause for the delay, the Court is concerned that Phillips never had the opportunity to address the *new* issues he raises for the first time in his third motion to suppress. Thus, the Court **STRIKES** the third motion to suppress **IN PART** to the extent that it re-raises the *Franks* issue that Phillips voluntarily withdrew in his first motion to suppress. However, the Court requires further briefing on the merits of the *Garrison* and *Riley* issues.

12

### C. Phillips' Third Motion to Compel Potentially Implicates *Brady* and Thus Warrants Additional Briefing

Since Phillips posits that the motion to compel implicates the government's *Brady* obligations, the Court does not strike the motion on procedural grounds. Indeed, if the government's obligation to disclose *Brady* evidence attaches even absent a request from defendant "when suppression of the evidence would be 'of sufficient significance to result in the denial of the defendant's right to a fair trial,'" the Court declines to strike the motion to compel without briefing on the merits to aid in the Court's determination. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). In the absence of further briefing, the Court is unable to ascertain whether Phillips is entitled to the requested evidence.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the government's motion to strike defendant's third motion to suppress and third motion to compel. (ECF No. 73.)

**IT IS FURTHER ORDERED** that the motion to strike is **GRANTED** as to the *Franks* issue in Phillips' third motion to suppress.

**IT IS FURTHER ORDERED** that the motion to strike is **DENIED** as to the *Garrison* and *Riley* issues in Phillips' third motion to suppress.

**IT IS FURTHER ORDERED** that the motion to strike is **DENIED** as to Phillips' third motion to compel.

**IT IS FURTHER ORDERED** that the government shall respond on the merits to (1) the remaining issues in Phillips' third motion to suppress, and (2) Phillips' third motion to compel, on or before **January 16, 2026**.

**SO ORDERED.**

Dated: January 9, 2026                **s/Jonathan J.C. Grey**
                                                          Jonathan J.C. Grey
                                                          United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager
